UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 17-CV-4038 |
| | ) |
| KYLE WINBIGLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in Centralia Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that, prior to his incarceration, Defendants Winbigler, Tapscott, and Tuley arrested him following a traffic stop. Plaintiff alleges that the defendants forced him arms behind his back despite Plaintiff telling them he could not do so because of a prior shoulder surgery. Plaintiff alleges these defendants tore his right bicep during handcuffing. Plaintiff alleges that, once booked into Knox County Jail, Defendant John Doe, a doctor, told him he needed an MRI, but failed to order one, or give "proper pain medication," because the Department of Corrections would do it. Plaintiff also alleges that Defendant Santos, a doctor at Centralia, misdiagnosed his injury as a shoulder issue and has not provided any medical treatment. Plaintiff alleges that Defendant Krebs, the healthcare administrator at Centralia, is covering up the lack of medical care.

Plaintiff states a Fourth Amendment claim for excessive force against Defendants Winbigler, Tapscott, and Tuley for the alleged use of force during his traffic stop.

*Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff also states a Fourteenth Amendment claim for deliberate indifference to a serious medical need against Defendant John Doe for the alleged failure to provide medical treatment.

Plaintiff's remaining claims against Defendant Santos and Krebs are alleged to have occurred at the Centralia Correctional Center. Centralia is located in the Southern District of Illinois, and venue, therefore, exists in the Southern District of Illinois. *See* 28 U.S.C. § 1391(b)(2)("A civil action may be brought---in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...") The Court is transferring these claims to the Southern District for screening pursuant to 28 U.S.C. § 1915A.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Fourth Amendment claim for excessive force against defendants Winbigler, Tapscott, and Tuley, and a Fourteenth Amendment claim for deliberate indifference to a serious medical need against Defendant John Doe. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer

sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Venerio Santos and Lisa Krebs as defendants in this matter.

12. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

13. Plaintiff's motion for counsel (#8) is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

13. Plaintiff's motion for clarification (#10) is denied as moot in light of this Order.

14. The clerk is directed to open a new case entitled, "Kevin J. Smith v. Venerio Santos and Lisa Krebs," file this Order in the new case, and transfer the new case to the Southern District of Illinois.

Entered this 10th day of May, 2017

/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE